UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
ANTHONY LINDSEY,                                              :
                                                              :          **OPINION AND ORDER**
                                        Plaintiff,            :
                                                              :          11 Civ. 9102 (ER)
            - against -                                       :
                                                              :
DETECTIVE SEAN BUTLER, DETECTIVE RICHARD                      :
WERNER, RAYMOND KELLY, Commissioner of the                    :
N.Y.P.D., and CITY OF NEW YORK,                               :
                                                              :
                                        Defendants.           :
------------------------------------------------------------------------x

Ramos, D.J.:

*Pro se* plaintiff Anthony Lindsey ("Plaintiff" or "Lindsey") brings this action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated when New York City Police Department ("NYPD") officers forcibly shaved his facial hair during a custodial interrogation on December 16, 2008.  On August 29, 2014, the Court dismissed Plaintiff's Eighth Amendment claim, as well as all claims against former NYPD Commissioner Raymond Kelly and the City of New York.  Doc. 50.  The Court further held that the Amended Complaint stated a claim under the First Amendment and the Fourth Amendment, and denied Detective Sean Butler's ("Defendant") motion to dismiss the Fourth Amendment claim on the basis of qualified immunity.  Defendant now moves, pursuant to Local Civil Rule 6.3, for partial reconsideration of this Court's August 29, 2014 Order (the "Order").[1]  Doc. 51.  Defendant argues that the Court should have granted his motion to dismiss the First Amendment claim on the basis of qualified immunity.  For the reasons set forth below, Defendant's motion is GRANTED.

---

[1] The facts and procedural history of this case are discussed in the Order, familiarity with which is presumed.

## I. Legal Standard

Rule 6.3 of the Local Civil Rules for this District provides for reconsideration or reargument of a court's order on a motion only where the court has overlooked controlling decisions or factual matters that were "put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." *Mikol v. Barnhart*, 554 F. Supp. 2d 498, 500 (S.D.N.Y. 2008) (quoting *Greenwald v. Orb Commc'ns & Mktg., Inc.*, No. 00 Civ. 1939 (LTS) (HBP), 2003 WL 660844, at *1 (S.D.N.Y. Feb. 27, 2003)); see also Local R. 6.3. "Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (quoting *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). Local Rule 6.3 is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Mikol*, 554 F. Supp. 2d at 500 (quoting *Dellefave v. Access Temps., Inc.*, No. 99 Civ. 6098 (RWS), 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001)) (internal quotation marks omitted). "Where the movant fails to show that any controlling authority or facts have actually been overlooked, and merely offers substantially the same arguments he offered on the original motion or attempts to advance new facts, the motion for reconsideration must be denied." *Id.* (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

A motion for reconsideration under Local Rule 6.3 is not a substitute for appeal, *Boart Longyear Ltd. v. Alliance Indus., Inc.*, 869 F. Supp. 2d 407, 418 (S.D.N.Y. 2012), nor is it a vehicle for a party dissatisfied with the Court's ruling to voice its disagreement with the decision. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 512-13 (S.D.N.Y. 2009). "Courts have

repeatedly been forced to warn litigants that such motions should not be made reflexively to reargue those issues already considered when a party does not like the way the original motion was resolved." *Boart Longyear Ltd.*, 869 F. Supp. 2d at 418 (quoting *Makas v. Orlando*, No. 06 Civ. 14305 (DAB), 2008 WL 2139131, at *1 (S.D.N.Y. May 19, 2008)) (internal quotation marks omitted); *see, e.g., Anwar v. Fairfield Greenwich Ltd.*, 884 F. Supp. 2d 92, 96 (S.D.N.Y. 2012) ("The provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided."); *see also Assoc. Press v. U.S. Dep't of Defense*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005) (motion for reconsideration is not "an occasion for repeating old arguments previously rejected").

Whether to grant or deny a motion for reconsideration is within the sound discretion of the district court. *Premium Sports Inc. v. Connell*, No. 10 Civ. 3752 (KBP), 2012 WL 2878085, at *1 (S.D.N.Y. June 11, 2012) (citing *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

## II. Defendant's Motion

Detective Butler contends that the Court should have granted his motion to dismiss the First Amendment claim on the basis of qualified immunity. Def. Mem. L. 3. In particular, Defendant claims both that his alleged conduct did not violate any clearly established right and that it was objectively reasonable for him to believe that his alleged conduct was lawful. *Id.* at 3-4. Plaintiff, however, argues that it is clearly established that "a Muslim is to be respected in the aspect of his religion not to shave his facial hair." Pl. Opp. Mem. L. 2.

A government official sued in his individual capacity is entitled to qualified immunity (1) if the conduct attributed to him was not prohibited by federal law; or (2) where the conduct was so prohibited, if the plaintiff's right not to be subjected to such conduct by the defendant was not clearly established at the time it occurred; or (3) if the defendant's action was objectively legally

reasonable in light of the legal rules that were clearly established at the time it was taken." *Manganiello v. City of New York*, 612 F.3d 149, 164 (2d Cir. 2010) (internal citations omitted). As the Second Circuit explained in *DiStiso v. Cook*, 691 F.3d 226, 240 (2d Cir. 2012), qualified immunity "affords government officials breathing room to make reasonable—even if sometimes mistaken—decisions, and protects all but the plainly incompetent or those who knowingly violate the law from liability for damages." Therefore, "[w]hether qualified immunity applies in a particular case generally turns on the objective legal reasonableness of the challenged action, assessed in light of the legal rules that were clearly established at the time it was taken." *Id.* (internal quotation marks and citations omitted).

Under a qualified immunity analysis, a court must first decide whether the facts that a plaintiff has alleged make out a violation of a constitutional right, and then whether the right at issue was clearly established at the time of defendant's alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Because the Court has already concluded that the Amended Complaint states a claim against Defendant under the First Amendment, *see* Order at 10, the Court need only consider whether Plaintiff, based on his religious beliefs, had a clearly established right to be protected from being forcibly shaved in the custodial interrogation setting.

Defendant contends that at the time of the forced shaving in December 2008, neither the Supreme Court nor the Second Circuit had recognized such a right under the First Amendment. Def. Mem. L. 5. Indeed, the Court recognized in the Order that the parties had not cited to, and the Court had not found, any federal precedent analyzing the constitutionality of forced grooming in the custodial interrogation context, or specifically to facilitate a police lineup. Order at 8 n.9. In opposition to the instant motion, Plaintiff does not cite any such authority, and instead relies on rulings from Islamic law concerning the custom of growing a beard in the

Muslim religion. *See* Pl. Opp. Mem. L. 2. While the Court does not question the significance of the custom in Islamic law, the issue before the Court is instead whether Supreme Court or Second Circuit precedent clearly established a right entitled to protection under the First Amendment in the custodial interrogation setting. *See Moore v. Vega*, 371 F.3d 110, 114 (2d Cir. 2004) (noting that only Supreme Court and Second Circuit precedent existing at the time of the alleged violation is relevant in deciding whether a right is clearly established). Because it is undisputed that no such precedent exists, Defendant is entitled to qualified immunity on the First Amendment claim.

## I. Conclusion

For the reasons set forth above, Defendant's motion for partial reconsideration is GRANTED. The Clerk of the Court is respectfully directed to terminate the motion, Doc. 51, and to mail a copy of this Opinion and Order to Plaintiff.

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Opinion and Order would not be taken in good faith; therefore, *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

It is SO ORDERED.

Dated:   November 5, 2014
         New York, New York

_____
Edgardo Ramos, U.S.D.J.