UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
ANTHONY LINDSEY,                                      :
                                                                                                 :  **OPINION AND ORDER**
                                    Plaintiff,        :
                                                                                         :  11 Civ. 9102 (ER)
           - against -                                       :
                                                                               :
DETECTIVE SEAN BUTLER, DETECTIVE RICHARD :
WERNER, RAYMOND KELLY, Commissioner of the :
N.Y.P.D., and CITY OF NEW YORK,                :
                                                                                        :
                                    Defendants.    :
------------------------------------------------------------------------x

Ramos, D.J.:

      *Pro se* plaintiff Anthony Lindsey ("Plaintiff" or "Lindsey") brings this action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated when New York City Police Department ("NYPD") officers forcibly shaved his facial hair during a custodial interrogation on December 16, 2008.  On August 29, 2014, the Court dismissed Plaintiff's Eighth Amendment claim, as well as all claims against former NYPD Commissioner Raymond Kelly and the City of New York.  Doc. 50.  The Court further held that the Amended Complaint stated a claim under the First Amendment and the Fourth Amendment, and denied Detective Sean Butler's ("Defendant") motion to dismiss the Fourth Amendment claim on the basis of qualified immunity.  Defendant then moved, pursuant to Local Civil Rule 6.3, for partial reconsideration of this Court's August 29, 2014 Order, arguing that the Court should have granted his motion to dismiss the First Amendment claim on the basis of qualified immunity.[1]  Doc. 51.  By Order dated November 5, 2014, the Court granted Defendant's motion for partial reconsideration (the

---

[1] The facts and procedural history of this case are discussed in the Order, familiarity with which is presumed.

"Order").  Doc. 59.  Pending before the Court is Plaintiff's motion for reconsideration of the Order.  For the reasons set forth below, Plaintiff's motion is DENIED.

**I.     Legal Standard**

Rule 6.3 of the Local Civil Rules for this District provides for reconsideration or reargument of a court's order on a motion only where the court has overlooked controlling decisions or factual matters that were "put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court."  *Mikol v. Barnhart*, 554 F. Supp. 2d 498, 500 (S.D.N.Y. 2008) (quoting *Greenwald v. Orb Commc'ns & Mktg., Inc.*, No. 00 Civ. 1939 (LTS) (HBP), 2003 WL 660844, at *1 (S.D.N.Y. Feb. 27, 2003)); see also Local R. 6.3.  "Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'"  *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (quoting *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)).  Local Rule 6.3 is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court."  *Mikol*, 554 F. Supp. 2d at 500 (quoting *Dellefave v. Access Temps., Inc.*, No. 99 Civ. 6098 (RWS), 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001)) (internal quotation marks omitted).  "Where the movant fails to show that any controlling authority or facts have actually been overlooked, and merely offers substantially the same arguments he offered on the original motion or attempts to advance new facts, the motion for reconsideration must be denied."  *Id.* (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

A motion for reconsideration under Local Rule 6.3 is not a substitute for appeal, *Boart Longyear Ltd. v. Alliance Indus., Inc.*, 869 F. Supp. 2d 407, 418 (S.D.N.Y. 2012), nor is it a

vehicle for a party dissatisfied with the Court's ruling to voice its disagreement with the decision. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 512-13 (S.D.N.Y. 2009). "Courts have repeatedly been forced to warn litigants that such motions should not be made reflexively to reargue those issues already considered when a party does not like the way the original motion was resolved." *Boart Longyear Ltd.*, 869 F. Supp. 2d at 418 (quoting *Makas v. Orlando*, No. 06 Civ. 14305 (DAB), 2008 WL 2139131, at *1 (S.D.N.Y. May 19, 2008)) (internal quotation marks omitted); *see, e.g., Anwar v. Fairfield Greenwich Ltd.*, 884 F. Supp. 2d 92, 96 (S.D.N.Y. 2012) ("The provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided."); *see also Assoc. Press v. U.S. Dep't of Defense*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005) (motion for reconsideration is not "an occasion for repeating old arguments previously rejected").

Whether to grant or deny a motion for reconsideration is within the sound discretion of the district court. *Premium Sports Inc. v. Connell*, No. 10 Civ. 3752 (KBP), 2012 WL 2878085, at *1 (S.D.N.Y. June 11, 2012) (citing *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

## II. Defendant's Motion

Plaintiff contends that the Court should not have dismissed the First Amendment claim on the basis of qualified immunity. According to Lindsey, the Court overlooked his argument that regardless of whether Supreme Court or Second Circuit precedent clearly established a right entitled to protection under the First Amendment in the custodial interrogation setting, Defendant should not be entitled to qualified immunity here based on the fact that officials can still be on notice that their conduct violates established law even in novel circumstances. Pl. Mem. L. 2 (quoting *Hope v. Pelzer*, 536 U.S. 730, 741 (2002)). This argument was made by Plaintiff in opposition to Defendant's motion for partial reconsideration, and it was not overlooked by the

3

Court. For the reasons stated in the Order, Detective Butler is entitled to qualified immunity on the First Amendment claim.

### III. Conclusion

For the reasons set forth above, Plaintiff's motion for reconsideration is DENIED. The Clerk of the Court is respectfully directed to mail a copy of this Opinion and Order to Plaintiff.

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Opinion and Order would not be taken in good faith; therefore, *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

It is SO ORDERED.

Dated:   April 1, 2015
         New York, New York

_____
Edgardo Ramos, U.S.D.J.